# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ROBERT WORKMAN,**
**Claimant Below, Petitioner**

**FILED**
**February 27, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-461**          (JCN: 2021025682)

**RALEIGH COUNTY SOLID WASTE AUTHORITY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert Workman appeals the October 3, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Raleigh County Solid Waste Authority ("RCSWA") timely filed a response.[1] Mr. Workman did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted Mr. Workman a 6% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 23, 2021, Mr. Workman sustained an occupational injury when, as he was trying to remove a plastic bag from his work truck, he slipped and fell several feet, and was knocked unconscious. By order dated August 6, 2021, the claim administrator held the claim compensable for a concussion, an abrasion of the scalp, and a contusion of the right shoulder.

Relevant to this appeal, Mr. Workman has an extensive history of concussions, falls, and problems with vertigo/equilibrium. Medical records suggest that Mr. Workman has sustained as many as fifteen concussions due to various accidents, vehicle wrecks, falls, and boxing. Additionally, medical records indicated that Mr. Workman has been suffering from a five-year history of cognitive change and there was concern that Mr. Workman had Creutzfeldt-Jakob disease, a degenerative brain disorder that leads to dementia. Medical records dated as recent as February of 2021 indicated that Mr. Workman sought treatment

---

[1] Mr. Workman is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. RCSWA is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

for injuries sustained during a fall, and that he had suffered multiple falls that were mainly due to bending over and losing his balance.

Returning to the instant injury, when the time came to assess Mr. Workman's permanent impairment related to his compensable injuries, he underwent an independent medical evaluation ("IME"), which was performed by Prasadarao Mukkamala, M.D., on April 28, 2022. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Mukkamala recommended 5% whole person impairment ("WPI") for vertigo remaining from the concussion; 0% WPI for the abrasion of the scalp;[2] and 1% WPI for the contusion of the shoulder. In total, Dr. Mukkamala recommended 6% WPI. By order dated June 7, 2022, the claim administrator granted Mr. Workman a 6% PPD award in accordance with Dr. Mukkamala's recommendation. Mr. Workman protested the order to the Board.

Mr. Workman next underwent an IME performed by Bruce Guberman, M.D., on October 20, 2022. Using the *Guides*, Dr. Guberman placed Mr. Workman in the first category of Table 11, which indicated "minimal impairment of equilibrium exists with limitation required only of activities in hazardous surroundings." Table 11 allowed for an impairment rating between 1% WPI and 9% WPI, and Dr. Guberman assessed that Mr. Workman had 9% WPI given that he almost qualified for the next category. Dr. Guberman also assessed 5% WPI for the right shoulder contusion. Dr. Guberman did not apportion for either equilibrium or the shoulder contusion and, accordingly, his final recommendation was 14% WPI, which represented an additional 8% award. Subsequently, on December 16, 2022, Michael Kominsky, D.C., performed an IME of Mr. Workman and provided an impairment rating that was identical to Dr. Guberman's rating.

Lastly, Mr. Workman was evaluated by Syam Stoll, M.D., on February 9, 2023. Using the *Guides*, Dr. Stoll placed Mr. Workman into the first category of Table 11 and assessed 9% WPI. However, Dr. Stoll apportioned the entire 9% to Mr. Workman's extensive prior history of concussions, head injuries, cognitive issues, and falls. Regarding the right shoulder contusion, Dr. Stoll assessed 7% WPI. Dr. Stoll opined that such a rating was significant and not consistent with a contusion injury. Dr. Stoll stated that, rather, the impairment was likely due to the natural progression of Mr. Workman's prior injuries. As such, Dr. Stoll apportioned 4% WPI and attributed 3% WPI to the compensable injury. In sum, Dr. Stoll's final recommendation was 3% WPI.

By order dated October 3, 2023, the Board affirmed the claim administrator's order granting Mr. Workman a 6% PPD award in accordance with Dr. Mukkamala's recommendation. Citing this Court's holding in *Duff v. Kanawha County Commission,* 247 W. Va. 550, 882 S.E.2d 916 (Ct. App. 2022), the Board determined that the medical records established a reasonable basis to apportion some of Mr. Workman's concussion-related

---

[2] None of the evaluators found any impairment for the abrasion of the scalp.

2

symptoms to his prior head injuries. The Board noted that Mr. Workman had a history of prior concussions, traumatic brain injuries, multiple falls due to losing his balance, and vertigo. The Board determined that neither Dr. Guberman nor Dr. Kominsky apportioned any of the impairment for Mr. Workman's concussion-related symptoms and found, therefore, that their reports were unreliable. The Board noted that Dr. Mukkamala "attributed 5% impairment to [Mr. Workman's] compensable head injury while Dr. Stoll apportioned all of the 9% impairment" and, ultimately, affirmed the claim administrator's order granting Mr. Workman a 6% PPD award in accordance with Dr. Mukkamala's recommendation. Mr. Workman now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff,* 247 W. Va. at 555, 882 S.E.2d at 921.

On appeal, Mr. Workman argues that the Board's decision is clearly wrong, as the evidence reveals that he suffers from significant residual impairment from his compensable injury which is not adequately compensated by his 6% PPD award. While admitting his history of prior concussions, Mr. Workman contends that he has developed dizziness and has new limitations on his activities of daily living which were not present prior to the injury. According to Mr. Workman, the Board specifically erred in basing its decision to affirm the claim administrator's order on the fact that Drs. Guberman and Kominsky did not apportion any impairment for his concussion-related injury. Mr. Workman argues that contrary to the Board's findings, this Court's holding in *Duff* supports the position that apportionment was not necessary in this matter. For example, Mr. Workman contends that the Board failed to consider that his prior concussions had no detrimental effect on his work or his activities of daily living prior to the compensable injury. Thus, concludes Mr. Workman, the reports of Drs. Guberman and Kominsky should not have been dismissed.

3

We disagree. Upon review, we find that Mr. Workman failed to demonstrate that the Board's findings and conclusions were clearly wrong. The Supreme Court of Appeals of West Virginia has held that "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard in mind, we are unable to conclude that the Board erred in awarding Mr. Workman a 6% PPD award in accordance with Dr. Mukkamala's recommendation.

There is significant, overwhelming evidence of Mr. Workman's prior concussions, vertigo issues, falls, and cognitive decline prior to the compensable injury which, contrary to his claims, affected his activities of daily living. The Board was not clearly wrong in determining that, under the circumstances, the impairment ratings of Drs. Guberman and Kominsky were too high and did not accurately reflect impairment attributable to the compensable injury. Rather, Dr. Mukkamala's 6% WPI rating more closely resembled the true impairment arising from the compensable injury. Given these circumstances, we cannot find clear error in the Board's findings.

Accordingly, we affirm the Board's October 3, 2023, order granting Mr. Workman a 6% PPD award in accordance with Dr. Mukkamala's recommendation.

Affirmed.

**ISSUED:** February 27, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating